(52 South. 159.)

No. 18,157.

CHRISTINA v. CUSIMANO et al.

(April 11, 1910.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 336*)—PARTIES—OBJECTIONS—DISMISSAL.

Where counsel for the parties to a suit agree in writing that two of the parties are parties to the appeal, the court will consider this agreement binding; and, while it may dismiss the appeal ex proprio moto later, it will not sustain their motion to dismiss the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 336.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Frank Christina against Theresa Cusimano and others. Judgment for plaintiff, and Cusimano appeals. Reversed and remanded.

See, also, 52 South. 157, ante, p. 1056.

P. J. Patorno, for appellant. J. Zach Spearing, for appellee Schroeder. B. R. Forman, for appellee Spiro. M. S. Dreifus, for appellee curator ad hoc. Frank E. Rainold, for appellee Christina.

On Motion to Dismiss.

BREAUX, C. J. Intervener appellee moved on April 1, 1910, to dismiss the appeal on the grounds:

Because mover has no interest in the appeal.

Because if the intention was to take an appeal in behalf of Rocco Cusimano his name is not mentioned in the order nor in the bond.

That if the motion be construed as referring to Mrs. Theresa Cusimano, who is named as principal in the bond, she has no interest in the appeal, and has not been condemned in the judgment, and has not been authorized by her husband nor the court to prosecute the appeal or to sign the appeal bond, nor has she been joined by her husband. There was no order of appeal in favor of Rocco Cusimano.

We will here state that counsel for the defendant moved for the order of appeal. He stated that he represented defendants.

The order itself, which follows as part of the motion for an appeal, refers to defendant.

Mrs. Theresa Cusimano signed the bond given in accordance with this order of appeal.

There is another bond not filed, signed by Rocco Cusimano; it comes up as a true copy given by the deputy clerk of the district court.

On the day previous—that is, on March 31, 1910—Philip J. Patorno moved that Mrs. Theresa Cusimano, wife of Rocco Cusimano, and Salvadore Canteoto be made parties to the appeal, and to that motion is appended a copy of an agreement among all the counsel, that Mrs. Theresa Cusimano, wife of Rocco Cusimano, and Salvadore Canteoto be made parties to the appeal in No. 18,098 of the Supreme Court. 52 South. 157, ante, p. 1056.

This agreement, though filed as before stated, was entered into, as shown by the date on the face of the paper, on March 18, 1910.

In the presence of such an agreement we will not stop to consider the objections urged to the appeal. We must give effect to this agreement. It evidences a consent that par-

ties be made parties to the appeal among counsel that is conclusive and binding.

It only remains for us to overrule the motion.

For reasons stated, intervener's motion to dismiss the appeal is overruled.

### On the Merits.

In the principal appeal it was concluded that in the interest of justice this case should be remanded in order that parties might properly set forth their respective claims and introduce further proof.

The decree remanding the principal suit renders it proper to remand this case also.

For reasons stated, the judgment in this case is annulled, avoided, and reversed; the case is remanded for further proceedings in accordance with law. Appellee to pay the costs of appeal; the other costs to await the final decision.